IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MARK BOWERS, )
)
    Petitioner, )
)
vs. ) CIVIL ACTION NO.: CV210-042
)
)
BRUCE CHATMAN, Warden, )
)
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Mark Bowers ("Bowers"), who is currently incarcerated at Autry State Prison in Pelham, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions obtained in the Glynn County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Bowers filed several pleadings in response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Bowers' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Bowers pleaded guilty in the Superior Court of Glynn County to three (3) counts of armed robbery, three (3) counts of kidnapping, and one (1) count of giving a false name on March 7, 2003. On the same day, Bowers was sentenced to twenty (20) years' imprisonment on each of the kidnapping and armed robbery counts and to twelve (12) months' imprisonment for giving a false name. (Doc. No. 12-1, p. 1). Bowers did not file a direct appeal.

Bowers filed a petition for writ of habeas corpus in the Mitchell County Superior Court on June 30, 2008. The Mitchell County Superior Court denied Bowers' petition in an order filed June 2, 2009. Bowers filed an application for a certificate of probable cause to appeal the denial of his state habeas petition, and the Georgia Supreme Court denied the application on September 28, 2009. (Id. at pp. 1-2).

Bowers filed this petition on March 3, 2010. Bowers contends he was coerced into pleading guilty, and he did not understand the consequences of pleading guilty. Bowers also contends that his trial counsel was ineffective for failing to present evidence of Bowers' mental state and capacity, coerced him into pleading guilty, and did not provide proper jury instructions.

Respondent contends Bowers' petition should be dismissed as being untimely filed.

## DISCUSSION AND CITATION TO AUTHORITY

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

AO 72A
(Rev. 8/82)

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). However, a petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Secr'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Bowers' conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final.[1] 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Bowers pleaded guilty in the Glynn County Superior Court, and he was sentenced on March 3, 2003. Bowers did not file a notice of appeal with either the Georgia Court of Appeals or

---

[1] Bowers states his petition is timely filed pursuant to the limitations period set forth in § 2244(d). (Doc. No. 19, p. 1). However, Bowers offers no factual support for this contention, nor does he offer any insight as to whether a subsection of section 2244(d)(1) or section 2244(d)(2) provides the appropriate trigger for the applicable statute of limitations period.

3

Supreme Court. However, Bowers had thirty days in which to do so. O.C.G.A. § 5-6-38 ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Bowers' conviction became final on or about April 2, 2003, and he had one (1) year to file a section 2254 petition.

Bowers did not file a petition for writ of habeas corpus in the Mitchell County Superior Court until November 21, 2008, which was more than 4½ years after the expiration of the applicable statute of limitations. The applicable statute of limitations period did not toll in this case, as Bowers filed his state habeas corpus petition well after the expiration of the statute of limitations period applicable to section 2254 cases.

The Court must now decide whether Bowers is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)). Bowers has made no showing that he has been pursuing his rights diligently (or otherwise) since his 2003 convictions or that some extraordinary circumstance prevented him from being able to file this petition in a timely manner. Bowers is not entitled to equitable tolling of the statute of limitations.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Bowers' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of September, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)