# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

MARK BOWERS, )
)
        Petitioner, )
)
vs. ) CIVIL ACTION NO.: CV210-042
)
)
BRUCE CHATMAN, Warden, )
)
        Respondent. )

## ORDER

After an independent and *de novo* review, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, as amended, Petitioner Mark Bowers ("Bowers") contends that his trial attorney never explained the difference between appealing to a review panel and appealing his conviction within thirty (30) days after he entered his plea. Bowers also contends that his attorney misled him into believing he could not file an appeal, yet he discovered "several months later" that his attorney did not tell him the truth. (Doc. No. 26, p. 1). Bowers asserts that his mother then retained a lawyer, who "tricked" her for several years into believing he was handling Bowers' case. (Id. at p. 2). Bowers also asserts that he was transferred to New Jersey for two (2) years before he returned to Georgia. Bowers alleges that he has been pursuing his rights diligently and that extraordinary circumstances prevented him from timely filing his 28 U.S.C. § 2254 petition.

AO 72A
(Rev. 8/82)

As the Magistrate Judge noted, a petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

While the undersigned recognizes Bowers' assertions as an attempt to show he pursued his rights diligently, Bowers has not met his burden to show he is entitled to the "extraordinary remedy" of equitable tolling. Id. Even accepting Bowers' assertions in this regard as true, these assertions do not excuse or explain Bowers' delay in filing this petition nearly seven (7) years after his conviction became final. For example, Bowers has not shown he attempted to file an out-of-time direct appeal at the time he allegedly discovered his trial counsel misled him about his appellate rights, nor has Bowers shown that he pursued his rights in any way during the time his mother retained a lawyer on Bowers' behalf who supposedly tricked her. Additionally, Bowers has not shown that his transfer to New Jersey prevented him from using the mail system to communicate with his mother, the attorney (or any attorney), or the Georgia court system. Moreover, Bowers was represented by an attorney during his state habeas corpus proceedings, and there is no evidence before the Court that Bowers raised as an enumeration of error that his trial counsel's actions prevented him from filing a direct

appeal. In sum, Bowers is not entitled to equitable tolling of the statute of limitations applicable to section 2254.

The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Bowers' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**, with prejudice. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 26 day of January, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)